USCA1 Opinion

 

 May 2, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-2114 UNITED STATES, Appellee, v. CLIFFORD K. TAPIA, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Francis J. Boyle, Senior U.S. District Judge] __________________________ ____________________ Before Selya, Circuit Judge, _____________ Coffin and Bownes, Senior Circuit Judges. _____________________ ____________________ Marie T. Roebuck and John F. Cicilline on brief for appellant. ________________ _________________ Sheldon Whitehouse, United States Attorney, Margaret E. Curran ___________________ ___________________ and Gerard B. Sullivan, Assistant United States Attorneys, on brief __________________ for appellee. ____________________ ____________________ Per Curiam. The sole issue raised by this appeal __________ is whether the district court erred, on remand, in denying defendant-appellant Clifford K. Tapia an additional one-level reduction in his offense level under U.S.S.G. 3E1.1(b)(1) for acceptance of responsibility. We affirm. I. On September 28, 1993, Tapia pled guilty to possession of heroin with intent to distribute it, see 18 ___ U.S.C. 841(a)(1); being a felon in possession of a firearm, see 18 U.S.C. 922(g); and possession of a firearm with an ___ altered serial number, see 18 U.S.C. 922(k). On November ___ 24, 1993, the district court sentenced Tapia to a prison term of forty-one months. Tapia appealed, contending that the district court, which granted him a two-level reduction under U.S.S.G. 3E1.1(a) for acceptance of responsibility, erred in failing to consider whether he is entitled to an additional one-level reduction for having "timely provid[ed] complete information to the government concerning his own involvement in the offense." U.S.S.G. 3E1.1(b)(1). On June 9, 1994, we vacated Tapia's sentence and remanded the case to the district court so that it could determine whether Tapia is eligible for the extra reduction. United States v. _____________ Clifford K. Tapia, No. 93-2306, slip op. at 6 (1st Cir. June _________________ 9, 1994).  Following a hearing on remand, the district court denied Tapia's request for the additional one-level decrease. In support of its determination, the district court observed that "there is really nothing in the record to suggest that the [d]efendant in fact gave complete information to the [g]overnment, nothing at all." The court also observed that the government, acting pursuant to a plea agreement, took no position on the issue. Under the circumstances, the court concluded that it was "virtually impossible for [it] to find that the [d]efendant meets the requirements of [ 3E1.1(b)(1)]." This appeal followed. II. Contrary to Tapia's suggestion, we do not think that the district court ruled against him simply because the government took no position on his eligibility for the extra reduction. The court's questions during the hearing on remand indicate that it had serious doubts whether Tapia ever provided complete information to the government. It was Tapia's burden to prove that he had done so. See United ___ ______ States v. Ocasio-Rivera, 991 F.2d 1, 4 (1st Cir. 1993) ______ _____________ (observing that the defendant bears the burden of proving his entitlement to an acceptance-of-responsibility credit). The district court ultimately denied Tapia the additional decrease because it found, based on the record, that he had failed to carry this burden. -3- We add that the district court's finding adverse to Tapia is not clearly erroneous. See United States v. ___ ______________ Morillo, 8 F.3d 864, 871 (1st Cir. 1993) (standard of _______ review). Based on undisputed facts set forth in the Presentence Investigation Report, it appears that at the time of his arrest, Tapia resorted to some half-truths and evasion in order to minimize his responsibility. For example, Tapia told arresting officers that he was merely holding heroin found in his apartment for dealers. When the officers asked about an additional one ounce of heroin, Tapia stated that it had been retrieved the day before by his supplier. A drug ledger found in Tapia's apartment, however, reflected the profits that could be derived from the sale of one ounce of heroin. Although Tapia was very forthcoming to the arresting officers in certain other respects, we cannot say on this record that he ever provided complete information to the government, much less that he did so in a timely fashion. Affirmed. See Loc. R. 27.1. _________ ___ -4-